Sean Francis School Mafnas
c/o P.O. Box 20342 G.M.F.
Barrigada, Guam 96921
Plaintiff, In Propria Personam, Pro Se

FILED
DISTRICT COURT OF GUAM

NOV 17 2003

MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| Sean Francis School Mafnas, | ) Civil Case NO **03-00038** |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| John Sablan Unpingco, Chief Judge, | ) |
| U.S.District Court of Guam; | ) |
| Marivic P. David, AUSA, | ) |
| U.S.Attorney's Office of Guam; | ) |
| Mikel Schwab, AUSA Civil Section, | ) |
| U.S. Attorney's Office; | ) |
| | ) |
| Defendants, | ) |
| | ) |
| Sued in their Official, Individual | ) |
| and Personal Capacities; | ) |

CIVIL RIGHTS COMPLAINT
WITH JURY DEMAND

This is A Bivens Act as well as a Title 42 U.S.C. § 1983 Civil Rights Complaint
filed by Sean Francis School Mafnas, alleging violations of his Constitutional
Rights under the First (1st) and Fourteenth (14th) Amendments against the above
named individual's, and seeking Declaratory Judgement, Monetary Damages,
Compensatory Damages, and Punitive Damages. Plaintiff requests a trial by jury;

JURISDICTION

1. This Honorable Court has jurisdiction to entertain this Civil Rights
Complaint pursuant to the Bivens Act, as well as Title 42 U.S.C. § 1983, as well
as Title 28 U.S.C. §§ 1331 and 1343, in addition to the First and Fourteenth Amendment
of the Constitution of the United States of America. Plaintiff also invokes the
pendent jurisdiction of this Honorable Court;

**ORIGINAL**

Case 1:03-cv-00038    Document 1    Filed 11/17/2003    Page 1 of 6

## PARTIES

2.   Sean Francis School Mafnas is the Plaintiff in the instant action, and is a former inmate of the Guam Department of Corrections "DOC", presently awaiting transfer to a off-island Federal Institution, hereafter to be referenced hereto as "Plaintiff Mafnas";

3.   John S. Unpingco is the Chief Presiding Judge for the U.S. District Court of Guam, and a employee and agent of the Judicial Branch of the U.S. Government, He is responsible for entering judgements in all civil and criminal cases that are filed in the U.S.District Court of Guam and his bench, He is sued in his Official, Individual and Personal capacity, hereafter to be referenced hereto as "Defendant Unpingco";

4.   Marivic P. David, is a Assistant U.S. Attorney (AUSA) and a employee and agent of the Judicial Branch of the U.S. Government, She is currently assigned to the Criminal Prosecution Section of the U.S. Attorney's Office of Guam, She is responsible for reviewing, preparing and presenting evidence in addition to criminal indictments and informations to the special grand jury, in addition to litigating said cases before the U.S. District Court of Guam, She is Sued in Her Official, Individual and Personal Capacity, hereafter to be referenced hereto as "Defendant David";

5.   Mikel Schwabm is a Assistant U.S.Attorney (AUSA) and a employee and agent of the Judicial Branch of the U.S. Government, He is assigned to the Civil Litigation Section of the U.S. Attorney's Office of Guam, He is reponsible for reviewing, preparing and presenting evidence of Consitutional violations to the special grand jury, as well as litigating civil cases in the U.S. District COurt of Guam, He is sued in his Official, Individual and Personal capacity, hereafter to be referenced hereto as "Defendant Schwab";

## STATEMENT OF FACTS

6.   That Defendant's Unpingco, David and Schwab each swore an Oath of Office to uphold the laws and Constitution of the United States of America prior to entering into their respective positions, and each signed papers to that effect;

7. That On July 22, 1997, Plaintiff Mafnas filed a Title 42 U.S.C. § 1983 civil rights complaint entitled and ennumbered as SCHOOL V. GOVERNMENT OF GUAM,et,al CIV97-00066 in the U.S. District Court of Guam, alleging that Francisco Bautista Crisostomo, Warden, and Eduardo Cruz Bitanga, Director of DOC violated Plaintiff's Constitutional Rights Under the Eighth and Fourteenth Amendments when they kept Plaintiff's person in leg-irons for a period of Two and a Half (2½) years from April 28, 1994 through October 4, 1996;

8. That In 1998 Defendant Unpingco dismissed the above civil action because of my inability to pay the filing fee despite the fact that a few days prior the defendants in that action filed papers that showed my indegency status prior to the filing, as well as despite the fact that Plaintiff was proceeding under Forma Pauperis;

9. That at that time the civil action was dismissed Plaintiff Mafnas was under confinement on an unrelated federal weapons case, and could not afford to pay the filing fee, subsequently Plaintiff's former attorney filed motions before the court to stay it order, subsequently the case was dismissed without prejudice;

10. That on July 22,1999, Plaintiff Mafnas filed a second civil right complaint entitled and ennumbered as SCHOOL V. BITANGA,et.al., CIV99-00066 in the U.S. District Court of Guam alleging the same violations with respect to the named defendants in said original complaint.

11. That Francisco Bautista Crisostomo filed an answer to the complaint as did Eduardo Cruz Bitanga, in which they admitted to the allegation of keeping Plaintiff's person in the leg-iron for the two and a half (2½) years, clearly a violation of Federal Constitutional, Civil and Criminal Laws, Plaintiff filed a Motion for a Summary Judgement and attached Affidavit, subsequently several months later Defendant Unpingco once again dismissed the civil rights complaint, thus denied Plaintiff for a second time the right to petition the government for a redress of grievence as well as denial of Plaintiff's right to Due Process of Laws and Equal Protections under the Laws;

12. That On September 10, 2002, less than a month after Plaintiff returned to the Territory of Guam, Plaintiff personally hand delivered Two (2) Criminal Complaints to the U.S. Attorney's Office of Guam Pursuant to Title 18 U.S.C. § 3332 against Francisco Bautista Crisostomo, Eduardo Cruz Bitanga, and John Sablan Unpingco, said Criminal Complaints were signed under jurat;

13. That Defendant David reviewed said complaint and forwarded it to Defendant Schwab, who in turn forwarded it to the Civil Rights Section of the U.S. Department of Justice in washington D.C.;

Case 1:03-cv-00038   Document 1   Filed 11/17/2003   Page 3 of 6

14.    That Defendant's David and Schwab impeded, hindered and prevented Plaintiff
Mafnas from bringing formal charges and information of violation of Federal Criminal
Laws before a Special Grand Jury pursuant to Title 18 U.S.C § 3332(A), and knowing
that in forwarding said criminal Complaint to the Civil Rights Division for the U.S.
Department of Justice in Washington D.C. would not remedy the issues and allegations
as the Civil Rights Division in Washington D.C. had no authority or jurisdiction to
initiate any legal action on behalf of individual citizens, which was an attempt to
prevent and undermine Plaintiff's Mafnas's allegations of against Francisco B. Crisostomo,
Eduardo C. Bitanga, and John S. Unpingco from coming  to light;

15.    That Plaintiff Mafnas has suffered Irreparable harm and damages, to include
actual physical torture, in addition to emotional and mental stress, pain and anguish
and suffering, and in good faith Plaintiff filed the civil complaint  in ¶¶ 1 and 9
supra, as well as the criminal complaint in ¶ 12 supra, that was covered up and ignored
by the Defendant's, which is a traversity and miscarriage of justice;

16.    During the events as described in ¶¶ 7 through 15 supra, Plaintiff Mafnas
attempted to exercise , protect and preserve his Constitutiona and Civil Rights as
a citizen of the United States, however the Defendants through the use of their Official
positions as employees and agent of the U.S.Governments, decided that they were above the
laws and scrunity, thus emboldened they believed erroniously that the laws of which
they swore to uphold and protect were bot applicable to them, that they could pick when
and if they should utilize and enfore said laws with no consideration as to the Civil
and Constitutional rights of the Plaintiff Mafnas;

17.    Defendant Unpingco failed to take corrective actions when aware of Plaintiff
Mafnas's allegations in ¶¶ 7 through 11 and §§ 15, 16 supra;

18.    Defendant David failed to take corrective actions when aware of Plaintiff
Mafnas's allegations in ¶¶12 through 16 supra;

19.    Defendant Schwab failed to take corrective actions when aware of Plaintiff
Mafnas's allegations in ¶¶ 12 through 16 supra;


## CLAIMS

### FIRST CAUSE OF ACTION


20.    The actions of Defendant Unpincgo as stated in ¶¶ 7 through 11, 15, 16 supra,
subjected Plaintiff Mafnas to a denial of his right to Petition the Government/Court
for a Redress of Grievence, in violation of the First (1st) Amendment to the Constitution
of the United States of America;

Case 1:03-cv-00038    Document 1    Filed 11/17/2003    Page 4 of 6

## SECOND CAUSE OF ACTION

21. The action of Defendant Unpingco as stated in ¶¶ 7 through 11, 15, 16 supra, subjected Plaintiff Mafnas to a denial of his Right to Due Process of Laws, and Equal Protection of the Laws, in violation of the Fourteenth (14th) Amendment to the Constitution of the United States of America;

## THIRD CAUSE OF ACTION

22. The actions of Defendant's David and Schwab as stated in ¶¶ 12 through 16 supra, subjected Plaintiff Mafnas to a denial of his Right to Petition the Government for a Redress of Grievence , in violation of the First (1st) Amendment to the Constitution of the United States of America;

## FOURTH CAUSE OF ACTION

23. The actions of Defendant's David and Schwab as stated in ¶¶ 12 through 16 supra, subjected Plaintiff Mafnas to a denial of his Right to Due Process of Law and Equal Protection of the Laws, in violation of the Fourteenth (14th) Amendment to the Constitution of the United States of America;

## FIFTH CAUSE OF ACTION

24. The action of Defendant's David and Schwab as stated in ¶¶ 12 through 16 supra violated Federal Criminal Law specifically Title 18 U.S.C. § 3332, and the actions of Defendant Unpingco violated Federal Criminal Law specifically Title 18 U.S.C. § 3332 when Plaintiff Mafnas formally requested civil case CIV99-00066 in ¶ 11 supra; *be forwarded for criminal prosecution;*

## RELEIF SOUGHT

Wherefore the Plaintiff requests this Honorable Court grant the following:

(A) Issue Declaratory Judgement that the Defendant's violated the First(1st) and Fourteenth (14th) Amendment when they:
  (1) Denied Plaintiff Mafnas the Right to Petition the Government/Court for a Redress of Grievences as stated in ¶¶ 7 through 16 supra;
  (2) Denied Plaintiff Mafnas the Right to Due Process of Law and Equal Protections of the Laws;
  (3) That the Judgements entered by Defendant Unpingco with respect to the civil complaints as stated in ¶¶ 7 , 10 supra be investigated and that the ninth circuit court of appeals order that they be overturned, that the judgements entered by Defendant Unpingco were not in conformance with the laws and Constitution of the United States and as such are void judgements;

(B)  Grant Monetary Damages in the following:

    (1)  $ 10,000,000.00 dollars against Defendant Unpingco;

    (2)  $ 10,000,000.00 dollars against Defendant David;

    (3)  $ 10,000,000.00 dollars against Defendant Schwab;


(C)  Grant Compensatory Damages in the following:

    (1)  $ 10,000,000.00 dollars against Defendant Unpingco;

    (2)  $ 10,000,000.00 dollars against Defendant David;

    (3)  $ 10,000,000.00 dollars against Defendant Schwab;


(D)  Grant Punitive Damages in the following:

    (1)  $ 10,000,000.00 dollars against Defendant Unpingco;

    (2)  $ 10,000,000.00 dollars against Defendant David;

    (3)  $ 10,000,000.00 dollars against Defendant Schwab;


(E)  That Service of Process be effectuated by the U.S.Marshal's Service upon the Defendants as named herein;

(F)  That this Honorable Court set this action for a trial date by a jury after the Plaintiff returns to the District of Guam in 2004;

(G)  That Defendant Unpingco voluntarily recuses himself from hearing or issueing any orders in connection of this instant action, and that another U.S.Judge preside over this action;

(H)  That the Plaintiff be allowed to Proceed in Forma Pauperis temporarily until he has had the oppurtunity to submit for filing the applications and affidavit;

(I)  Grant such other relief as may appear Plaintiff is entitled to by law;


                          Respectfully Submitted

                          Sean Francis School Mafnas
                          c/o P.O. Box 20342 G.M.F.
                          Barrigada, Guam 96921
                          Plaintiff, In Propria Personam
                          Pro Se;

Case 1:03-cv-00038   Document 1   Filed 11/17/2003   Page 6 of 6