C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney, Civil Division
U.S. DEPARTMENT OF JUSTICE
Constitutional Torts Staff
P.O Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Telephone: (202) 616-4168
Facsimile: (202) 616-4314

LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910

Attorney for Defendant John S. Unpingco

FILED
DISTRICT COURT OF GUAM
MAR -8 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE

TERRITORY OF GUAM

| | |
|---|---|
| SEAN FRANCIS SCHOOL MAFNAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHN S. UNPINGCO, et al.,<br><br>　　　　Defendants. | CIVIL ACTION CASE: 03-00038<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT LEAVE TO AMEND FILED ON BEHALF OF DEFENDANT JOHN S. UNPINGCO |

Defendant John S. Unpingco, Chief Judge for the United States District Court for Guam (hereinafter "Judge Unpingco"), by and through the undersigned counsel, respectfully submits the following Memorandum of Points and Authorities in Support of his Motion to Dismiss the Complaint Without Leave to Amend.

# INTRODUCTION

Plaintiff in this case, Sean Francis School Mafnas ("plaintiff") alleges that he was forced to wear leg irons while incarcerated. Complaint at ¶ 7. He further alleges that the Chief Judge dismissed a civil action filed by the plaintiff in 1998. Complaint, ¶ 8. That complaint was against the Government of Guam. Plaintiff goes on to allege that he filed a second complaint, this time naming the Director of the Guam Department of Corrections, in 1999. This suit was presided over by defendant Judge John S. Unpingco and also resulted in a dismissal. Complaint, ¶ 11.

Based on those facts as stated by the Plaintiff, he claims a violation of First Amendment rights and his right to due process. Complaint ¶ 20 and 21.

Plaintiff's claim parallels that of a Bivens action under _Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics_, 403 U.S. 388 (1971).[1] The remaining causes of action

---

[1] Although plaintiff also purports to bring a civil rights claim under 42 U.S.C. § 1983, that claim is jurisdictionally flawed. In order to state a claim for relief under 42 U.S.C. § 1983, plaintiffs must show that they have been subjected to a deprivation of a right protected by federal law by a person acting under color of state law. This is a jurisdictional requisite to bringing suit under Section 1983. See _Parratt v. Taylor_, 451 U.S. 527, 535 (1981). In the case at bar, Judge Unpingo was, at all times pertinent to the plaintiff's claims, acting under color of **federal** law. Accordingly, plaintiff cannot satisfy the "color of state law" requirement and therefore cannot maintain an action under 42 U.S.C. § 1983. See, e.g., _United States v. Classic_, 313 U.S. 299, 326 (1941); _Flagg Brothers, Inc. v. Brooks_, 436 U.S. 149, 156-57 (1978); _Polk County v. Dodson_, 454 U.S. 312, 317-18 (1981); _Ort v. Pinchback_, 786 F.2d 1105, 1107 (11th Cir. 1986).

are alleged against Assistant U.S. Attorneys Marivic P. David and Mikel W. Schwab. They are addressed in a separate Motion To Dismiss.

It is evident from the Complaint that all of plaintiff's claims against Judge Unpingco arise solely out of the performance of his judicial responsibilities. The two incidents speak directly to decisions issued by the Judge. Moreover, plaintiff sues defendant Unpingco as "the Chief Presiding Judge for the U.S. District Court of Guam," Id. at ¶ 3.

By way of the present motion, Judge Unpingco moves, pursuant to Fed. R. Civ. P. 12(b), to dismiss plaintiff's claims. For relief, Judge Unpingco seeks a dismissal of plaintiff's claims without leave to amend and any other relief that this Court deems warranted under the circumstances.

### STANDARD OF REVIEW

Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b) where a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999 (1992). Review is based upon the contents of the Complaint. Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989). In addition, the Court may properly look beyond the Complaint to items in the record of the case or to matters of general public record. Emrich v. Touche Ross & Company, 846 F.2d 1190, 1198 (9th Cir. 1988); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 299 (2d ed. 1990). See also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)(on a motion to dismiss, the Court may take judicial notice of matters of

public record outside the pleadings); and *Fed. R. Evid. 201* (Court may take judicial notice of adjudicative fact). All allegations of material fact in the Complaint are taken as true and construed in the light most favorable to the non-moving party. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992); <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n. 2 (9th Cir. 1986). Where, as here, the facts alleged in the Complaint do not state a claim upon which relief can be granted as a matter of law, the Complaint should be dismissed under *Fed. R. Civ. P. 12(b)*.

## DISCUSSION

The Complaint purports to sue Judge Unpingco in both his official and individual capacities, seeking damages based upon the alleged violation of plaintiff's constitutional rights (<u>see</u> ¶¶ 3, 6, 7, 8, 9, 10 and 11). Again, all of plaintiff's claims against Judge Unpingco arise out of the latter's performance of his judicial responsibilities. To the extent that plaintiff's claims can be construed as official-capacity claims, they are barred by sovereign immunity. In addition, all of the plaintiff's constitutional claims against Judge Unpingco are barred by absolute immunity. Finally, because plaintiff claims against Judge Unpingco rely on events that occurred prior to November 17, 2001, plaintiffs's claims are time barred. Each of these arguments is addressed below.

## I. Plaintiff's Official Capacity Claims Against Judge Unpingco Is Barred By Sovereign Immunity.

The Supreme Court has explained that official-capacity claims are simply an alternative means of pleading an action against the governmental entity involved, in this case the United States Government. See Hafer v. Melo, 502 U.S. 21, 25 (1991). It is settled that the United States, as the sovereign, is immune from suit unless it has consented to be sued. See United States v. Sherwood, 312 U.S. 584 (1941). The United States has not waived its sovereign immunity on constitutional tort claims. Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471, 478 (1994). Thus, any purported damages claim against Judge Unpingco in his official capacity is simply a claim against the United States that is barred by sovereign immunity. See, e.g., Clemente v. United States, 766 F.2d 1358, 1362-64 (9th Cir. 1985), cert. denied, 474 U.S. 1101 (1986); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985), cert. denied, 475 U.S. 1010 (1986).

## II. Judge Unpingco Is Entitled To Absolute Immunity.

The plaintiff also seeks judgment in damages against Judge Unpingco individually. Davis v. Passman, 442 U.S. 228, 248-49 (1979), allows federal jurisdiction under 28 U.S.C. § 1331 for claims for damages against federal officials sued in their individual capacities for alleged violations by those officials of constitutional rights. (Plaintiff asserts a First and Fourth Amendment constitutional claim in the Complaint.) These types of damages claims are generally cognizable under the rationale of Bivens v. Six Unknown Named Agents of Federal Bureau of

*Narcotics*, 403 U.S. 388 (1971). However, in the case at bar, Judge Unpingco is shielded from personal liability by absolute immunity.[2]

A. **The Judicial Immunity Doctrine.**

The rule that judges are absolutely immune from suit for civil damages claimed to arise from judicial acts has been firmly established for well over a century. In its seminal decision in *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871), the Supreme Court held that our adversary system of justice required absolute immunity for judges, so that a judge would "be free to act upon his own convictions, without apparent apprehension of personal consequences to himself." Since then the rule has been consistently applied over time, and was reiterated in *Stump v. Sparkman*, 435 U.S. 349 (1978), where the Supreme Court again explained that a judge may not be sued for damages said to arise from judicial acts, even if "the action he took was in error, was done maliciously, or was in excess his authority...." *Id.* at 356. Only non-judicial acts taken in the clear absence of all jurisdiction are not covered.[3] *Id.* at 357. However, absolute

---

[2] In addition to being protected by judicial immunity, plaintiff fails to plead any cognizable constitutional claim against Judge Unpingco. As to plaintiff's First Amendment claim, no facts are alleged which reveal that Judge Unpingco acted with the impermissible motive of curbing plaintiff's protected speech. And as to any purported due process claim, plaintiff has not alleged facts showing that he has been deprived of any process that was or may have been his due. Finally, the Fourteenth Amendment applies only to state action and Judge Unpingco was acting under color of federal law.

[3] In *Bradley*, the Supreme Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be

immunity covers all judicial acts even if alleged to have been undertaken in flagrant disregard of fundamental due process. <u>Id</u>. at 359-60. <u>See also</u> <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of ... immunity.").

The broad reach of the judicial immunity doctrine is aptly illustrated by the Ninth Circuit's decision in <u>Ashelman v. Pope</u>, 793 F.2d 1072 (9th Cir. 1986) (en banc). In that case, a state inmate filed a civil rights action against a judge and prosecutor alleging that they had conspired to pre-determine the outcome of his criminal prosecution by generally depriving him of the opportunity to prepare and present a defense. In affirming dismissal of the plaintiff's claims in that case, the Ninth Circuit en banc court in <u>Ashelman</u> stated:

> Judges' immunity from civil liability should not be "affected by the motives with which their judicial acts are performed." Intent should play no role in the immunity analysis. Moreover, allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or malevolence . . . .

<u>Id</u>. at 1077-78 (citations omitted). Thus, as long as the challenged acts can somehow be viewed as judicial actions taken under even colorable authority of the court ("[j]urisdiction is

---

acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would be acting in excess of his jurisdiction and would be immune. 80 U.S. at 352.

construed broadly where the issue is the immunity of a judge," citing *Stump*, 435 U.S. at 356), the defendant judge is cloaked with absolute judicial immunity. *Crooks v. Maynard*, 913 F.2d 699, 700-01 (9th Cir. 1990).

**B.   Judge Unpingco Was Performing A Judicial Act.**

The Ninth Circuit has established a four factor test to determine whether a judge's act giving rise to a damages suit is a "judicial" act shielded by absolute immunity. Under this test, a judge is immune if

> (1) the precise act is a normal judicial function; (2) the events occurred in the judges chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir.), *cert. denied*, 528 U.S. 1005 (1999). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076 (citation omitted).

In the case at bar, there is no doubt that this test is satisfied. All of the acts challenged by plaintiff involve Judge Unpingco efficiently making decisions in his court. The Ninth Circuit has made it clear that "[r]uling on a motion is a normal judicial function." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). In addition, all of the acts challenged by the plaintiff occurred within Judge Unpingco's courtroom or chambers, or arose from written judicial decisions. Finally, it

- 8 -

is also clear from the allegations in the Complaint that all the events at issue here arose directly and immediately from plaintiff's interactions with Judge Unpingco in his official capacity as the presiding U.S. District Judge in the plaintiff's underlying civil cases.

### C. Judge Unpingco Did Not Act In The Clear Absence Of All Jurisdiction.

It is also clear that Judge Unpingco meets the second prong of the judicial immunity test. As the Ninth Circuit said in *Ashelman*, the policy requirements of absolute immunity dictate that where the immunity is at issue, the jurisdiction of the judge must be broadly construed, and the policy considerations of the judicial immunity favor "a liberal application of immunity." 793 F.2d at 1078. Whether a judge acted in the clear absence of jurisdiction does not depend upon whether the judge correctly decided the particular issue before the court. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). Instead, immunity turns upon whether a judge acts within the broad scope of the court's subject matter jurisdiction when he or she takes the challenged judicial acts. *See also New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989) (quoting *Ashelman*, 793 F.2d at 1078) ("[j]udicial immunity is a defense so long as 'the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction.'"). Here, it cannot be disputed with any seriousness that subject matter jurisdiction existed over the plaintiff's underlying civil cases.

Since Judge Unpingco was presiding over a case brought into

- 9 -

Case 1:03-cv-00038   Document 12   Filed 03/08/2004   Page 9 of 13

federal court by the plaintiff himself for alleged wrongs committed by others, the Judge meets the second prong of the judicial immunity test.

There is no doubt or challenge that the Judge had subject matter jurisdiction to hear the case and make the rulings he did, which are the basis for plaintiff's claims.

In sum, it is clear from the Complaint that Judge Unpingco acted within the broad scope of this Court's jurisdiction.

### III. The Plaintiff's Claims Against Judge Unpingco Should Be Dismissed Without Leave To Amend.

The purpose of the judicial immunity doctrine is to allow judges to decide matters before their courts with freedom and independence and without the intimidation or fear of harassing litigation. Judge Unpingco was called upon as the judge in plaintiff's underlying civil cases to take actions and make decisions which plaintiff now perceives as in error. As a consequence, plaintiff joined Judge Unpingco as a defendant in the present civil action in a transparent attempt to collaterally attack Judge Unpingco's judicial rulings. This is exactly the kind of situation that the doctrine of judicial immunity is intended to protect against, and accordingly, Judge Unpingco is entitled to absolute immunity from plaintiff's claims, which should be dismissed without leave to amend.

The Ninth Circuit laid out the five factors to consider when granting a motion to dismiss without leave to amend in *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817 (9th Cir. 2002). The same factors used to examine the correctness of granting a motion for leave to amend apply,

namely: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Id.* at 824 (quoting *In re Consolidated Pioneer Mortgage*, 205 B.R. 422, 426 (9th Cir. BAP 1997)). In this case, the most relevant factor is the fourth, futility of amendment. That factor frequently means that "it was not factually possible for [plaintiff] to amend the complaint so as to [state a cognizable claim]." *Id.* *See also* *Chang v. Chen*, 80 F.3d 1293, 1295 (9th Cir. 1996) ("We also affirm the district court's decision to dismiss without leave to amend because there is no reason to believe that any amendment would cure the deficiency."); *Havas v. Thornton*, 609 F.2d 372, 376 (9th Cir. 1979) ("It is clear, however, that leave to further amend the complaint would serve no purpose, since the acts complained of could not constitute a claim for relief..."). Based upon this authority, this Court should dismiss plaintiff's claims without leave to amend because Judge Unpingco is entitled to absolute immunity, and given that entitlement, plaintiff in this case simply cannot state a claim for relief.

**IV. Plaintiff's Claims Are Also Time Barred.**

Plaintiff commenced the present action in this Court on November 17, 2003. Consequently, because plaintiff claims against Judge Unpingco rely on events that occurred prior to November 17, 2001, plaintiff's claims are time barred.

The statute of limitations applicable to plaintiff's constitutional claims (*see* Complaint, Count 1, ¶¶ 49-53) is the state personal injury statute. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). *See also* *Wilson v. Garcia*, 471 U.S. 261

(1985) (for limitations purposes, Civil Rights actions are best characterized as personal injury actions; state statutes governing actions for an injury to the person govern timeliness of Civil Rights actions). In Guam, actions for injury to the person or to the rights of another must be commenced within 2 years. See Guam Civ. Proc. Code § 33. In this case, plaintiff complains about lawsuits dismissed by Judge Unpingco in 1998 and 1999. Thus, because these events occurred prior to November 17, 2001, they are time barred.

**CONCLUSION**

For the reasons stated above, Judge Unpingco is protected by the doctrine of absolute immunity and entitled to a dismissal of the plaintiff's claims without leave to amend.

Respectfully submitted,

C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
Constitutional Torts Staff
Civil Division, Torts Branch
U.S. Department of Justice
Washington, D.C. 20044-7146

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

BY: _____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been furnished, via regular first class U.S. mail, certified postage prepaid, this 8th day of March 2004, to the following:

    Sean Francis School Mafnas
    Pro Se
    386 Chalan Jota Street
    Pualanta, Yona
    Tel: 789-2787
    Cell: 689-7556

*/s/ Frances B. Leon Guerrero*
FRANCES B. LEON GUERRERO
Legal Assistant