C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney, Civil Division
U.S. DEPARTMENT OF JUSTICE
Constitutional Torts Staff
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Telephone: (202) 616-4168
Facsimile: (202) 616-4314
LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910

Attorney for Defendants
Marivic P. David and Mikel W. Schwab

IN THE UNITED STATES DISTRICT COURT

FOR THE

TERRITORY OF GUAM

| | |
|---|---|
| SEAN FRANCIS SCHOOL MAFNAS,<br><br>Plaintiff,<br><br>v.<br><br>JOHN S. UNPINGCO, et al.,<br><br>Defendants. | CIVIL ACTION CASE 03-00038<br><br><u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED ON BEHALF OF DEFENDANTS MARIVIC P. DAVID AND MIKEL W. SCHWAB</u> |

Defendants Marivic P. David and Mikel W. Schwab, both Assistant United States Attorneys (AUSAs) in the District of Guam (hereinafter "Government Attorney Defendants" or "AUSAs"), by and through the undersigned counsel, respectfully submit the following Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint.

## INTRODUCTION

Plaintiff in this case, Sean Mafnas ("plaintiff") alleges that he was forced to wear leg

irons while incarcerated in a local, Guam facility. Complaint at ¶ 7. He further alleges that two previous civil lawsuits against the local, Guam prison and its local government officials were both dismissed (in 1998 and 1999). Complaint, ¶ 8 & ¶ 11. He goes on to allege that he more recently drafted two "criminal complaints" about three local government officials (in authority at the local prison when the alleged leg iron incident took place), repeating the grievance about leg irons, and delivered them to the United States Attorney's Office for Guam. Complaint, ¶ 12. He states that the drafted "criminal complaints" were then reviewed by Marivic P. David, an AUSA handling criminal cases, and then were given to Mikel W. Schwab, an AUSA handling civil cases, and then were forwarded to the Civil Rights Section of the U.S. Department of Justice. Complaint, ¶ 12, 13, 4 & 5.

Plaintiff concludes that the federal defendants failed "to take corrective actions" and are in violation of 18 U.S.C. § 3332(a). Complaint, ¶ 14, 18 & 19. Based on these assertions, as stated by the Plaintiff, he claims a violation of First Amendment rights and his right to due process. Complaint ¶ 20 and 21. For his cause of action, plaintiff invokes 42 U.S.C. § 1983.

It is evident from the Complaint that all of plaintiff's claims against the AUSAs arise solely out of the performance of their official duties. Further, it is apparent that plaintiff's reason for naming the AUSAs has its genesis in his mistaken interpretation of 18 U.S.C. § 3332(a) as creating a duty on the part of the AUSAs to present his written "criminal complaints" to a special grand jury. Finally, plaintiff's damages claim is jurisdictionally flawed and, in any event, the defendants are entitled to immunity.

By way of the present motion, the AUSAs, Marivic P. David and Mikel W. Schwab move, pursuant to *Fed. R. Civ. P. 12(b)*, to dismiss plaintiff's claims. For relief, the AUSAs seek a dismissal of plaintiff's claims.

### STANDARD OF REVIEW

Dismissal is appropriate pursuant to *Fed. R. Civ. P. 12(b)* where a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir.), <u>cert. denied</u>, 506 U.S. 999 (1992). Review is based upon the contents of the Complaint. <u>Moore v. City of Costa Mesa</u>, 886 F.2d 260, 262 (9th Cir. 1989).

In addition, the Court may properly look beyond the Complaint to items in the record of the case or to matters of general public record. <u>Emrich v. Touche Ross & Company</u>, 846 F.2d 1190, 1198 (9th Cir. 1988); 5A C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1357 at 299 (2d ed. 1990). <u>See also</u> <u>MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986)(on a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings); and *Fed. R. Evid. 201* (Court may take judicial notice of adjudicative fact). All allegations of material fact in the Complaint are taken as true and construed in the light most favorable to the non-moving party. <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992); <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n. 2 (9th Cir. 1986). Where, as here, the facts alleged in the Complaint do not state a claim upon which relief can be granted as a matter of law, the Complaint should be dismissed under *Fed. R. Civ. P. 12(b)*.

## DISCUSSION

The Complaint purports to sue the Federal Government Attorney Defendants in both their official and individual capacities, seeking damages based upon the alleged violation of plaintiff's constitutional rights based on plaintiff's mistaken interpretation of 18 U.S.C. § 3332(a). Again, all of plaintiff's claims against the AUSAs arise out of their performance of their official duties. To the extent that plaintiff's claims can be construed as official-capacity claims, they are barred by sovereign immunity. In addition, all of the plaintiff's constitutional claims against the Federal Government Attorneys are barred by immunity. These arguments are addressed below.

### I. Plaintiff's Official Capacity Claims Against The Government Attorney Defendants are barred by Sovereign Immunity.

The Supreme Court has explained that official-capacity claims are simply an alternative means of pleading an action against the governmental entity involved, in this case the United States Government. <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991). It is settled that the United States, as the sovereign, is immune from suit unless it has consented to be sued. <u>See</u> <u>United</u>

- 3 -

States v. Sherwood, 312 U.S. 584 (1941). The United States has not waived its sovereign immunity on constitutional tort claims. *Federal Deposit Insurance Corporation v. Meyer*, 510 U.S. 471, 478 (1994). Thus, any purported damages claims against the AUSAs in their official capacities are simply claims against the United States that are barred by sovereign immunity. See, e.g., Clemente v. United States, 766 F.2d 1358, 1362-64 (9th Cir. 1985), cert. denied, 474 U.S. 1101 (1986); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1985), cert. denied, 475 U.S. 1010 (1986).

**II.     Plaintiff's 42 U.S.C. § 1983 Claim is Jurisdictionally Flawed.**

In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must show that he has been subjected to a deprivation of a right protected by federal law by a person acting under color of state law. This is a jurisdictional requisite to bringing suit under Section 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). In the case at bar, both AUSAs were, at all times pertinent to the plaintiff's claims, acting under color of federal law. Accordingly, plaintiff cannot satisfy the "color of state law" requirement and therefore cannot maintain an action under 42 U.S.C. § 1983. See, e.g., United States v. Classic, 313 U.S. 299, 326 (1941); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156-57 (1978); Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Ort v. Pinchback, 786 F.2d 1105, 1107 (11th Cir. 1986). The Complaint should therefore be dismissed.

**III.    The Defendant Government Attorneys are Entitled to Absolute Immunity.**

The plaintiff seeks judgment in damages against the AUSAs individually. *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), allows federal jurisdiction under 28 U.S.C. § 1331 for claims for damages against federal officials sued in their individual capacities for alleged violations by those officials of constitutional rights. (Plaintiff asserts a First and Fourteenth Amendment constitutional claim in the Complaint.) These types of damages claims are generally cognizable under the rationale of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, in the case at bar, the Government Attorneys are shielded by an absolute immunity because they were acting within the scope of their prosecutorial duties.

- 4 -

### IV. The Defendant Government Attorneys Have Absolute Immunity.

Recognizing that "a [criminal] defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate," *Imbler v. Pachtman*, 424 U.S. 409, 425 (1976), the Supreme Court has extended absolute immunity to prosecutors for acts "within the scope of [their] prosecutorial duties." *Id.* at 420. Absolute immunity is available to prosecutors because the Supreme Court has recognized that exposing a prosecutor to civil liability growing out of his official activity would divert "his energy and attention ... from the pressing duty of enforcing the criminal law." *Id.* at 425. It allows a prosecutor to exercise his independent judgment in "deciding which suits to bring and in conducting them in court" based on his duty to the public rather than on a fear of potential liability in a suit for damages. *Id.* at 424-25. Accordingly, prosecutors have absolute immunity for their conduct "in initiating a prosecution and in presenting the State's case." 424 U.S. at 431. Similarly, because the Supreme Court also recognizes that "the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom," absolute immunity extends to related decisions on a wide variety of sensitive issues that a prosecutor is required to make -- including decisions regarding obtaining, reviewing, and evaluating evidence. *Id.* at n.33.

Here, plaintiffs assert claims against two AUSAs whose only involvement with the plaintiff was in their official capacities as federal prosecutors responsible for criminal and civil enforcement.

It is well established that a prosecutor's role as advocate necessarily entails the development and evaluation of the case prior to the formal initiation of a prosecution. *Imbler*, 424 U.S. at 431 n.33. A prosecutor is therefore entitled to absolute immunity for the factual investigation necessary to prepare a case, including interviewing witnesses before presenting them to the grand jury. *Rindley v. Gallagher*, 890 F.Supp. 1540, 1555 (S.D. Fla. 1995). Similarly, immunity shields prosecutors where it is claimed that they refused to investigate or file complaints, deliberately withheld exculpatory information or failed to make full disclosure of all facts. *See, e.g.*, *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979). A prosecutor also has

absolute immunity for instituting arrest or search proceedings, and drawing indictments. *Id.*

The decision to prosecute,"even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*." *Joseph, supra,* 795 F.2d at 557(citing *Imbler*, 424 U.S. at 424). Thus, prosecutors are absolutely immune despite any challenge to their motivation. *See also, Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (a prosecutor has absolutely immunity from suit for malicious prosecution, which includes the initiation and pursuit of a criminal case).

Similarly, a prosecutor's role as an advocate for the Government before a grand jury is protected by absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-77 (1993). *Cf. also Gray v. Bell*, 712 F.2d 490, 502-03 & n.37 (citing cases) (D.C. Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984) (where the court said: "We regard it as settled that presentation of evidence to an indicting Grand Jury falls within the scope of the advocatory prosecutorial conduct protected by *Imbler*."); and *Maglione v. Briggs*, 748 F.2d 116, 118 (2d Cir.1984) (holding that "[t]he presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity under *Imbler*."). For that reason, as the Supreme Court has noted, "[t]here is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries." *Burns v. Reed*, 500 U.S. 478, 490, n.6 (1991). *See also Powers v. Coe*, 728 F.2d 97, 104 (2d Cir.1984) ("all of [plaintiff's] claims which he derives from the alleged abuse of the grand jury are barred by ... immunity.")

Plaintiff is frustrated by the fact that his two civil lawsuits against the local entities have been dismissed by Chief Judge Unpingco.[1] And it is rather transparent that the plaintiff here wants to use the Federal Government Attorneys to further his legal efforts against the local prison. However, as the court noted in *Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989), "[i]f a prosecutor is held subject to suit for being involved in investigation of evidence brought before

---

[1] Judge Unpingco is also named as a defendant in this lawsuit, and has filed a motion to dismiss raising absolute immunity.

a grand jury or a trial jury, he would clearly be inhibited in his duty to submit evidence to 'the crucible of the judicial process so that the fact finder may consider it.' Quoting *Imbler*, 424 U.S. at 440 (White, J., concurring)." 870 F.2d at 1139. Thus, notwithstanding the allegations in the present lawsuit, the government prosecutors in this case should be deemed immune from a suit stemming from any decision regarding presenting plaintiff's "criminal complaints" to grand jury.

Similarly, absolute immunity also protects attorneys representing governmental interests in civil litigation and other civil proceedings. *See, e.g.*, *Fry v. Melaragno*, 939 F.2d 832, 836-37 (9th Cir. 1991); *Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994), *Schrob v. Catterson*, 948 F.2d 1402, 1412 (3rd Cir. 1991), and *Barrett v. United States*, 798 F.2d 565, 572-73 (2d Cir. 1986). The basis for immunity for a government attorney handling civil cases is the close association of the challenged conduct with the judicial process, and the scope of its protection extends accordingly. The protection is consistent with that provided prosecutors, and the rationale for it is the same. Its application is governed by the principles discussed in connection with immunity for prosecutors, *supra*. It is the judicial process that is the interest ultimately protected by absolute immunity in both civil and criminal adjudication. Accordingly, the AUSAs are entitled to dismissal on the basis of immunity.

### V. The Defendant Government Attorneys Are Entitled To Qualified Immunity.

Even if Plaintiff were to articulate an argument against an act on the part of the Federal Government Attorneys that is not covered by the absolute immunity for prosecutorial duties, which he does not, it would still be plaintiff's burden to overcome the qualified immunity of the AUSAs. It is well-established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). If a plaintiff fails to state a claim for violation of rights under clearly established law, then a defendant is entitled to dismissal before the commencement of discovery because qualified immunity is not just a protection against liability, it is also an entitlement not to stand trial. *Childress v. Small Business Administration*,

825 F.2d 1550, 1552 (11th Cir. 1987) (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 525 (1985)). Accordingly, whether the defendants are entitled to qualified immunity is a question of law that should be determined at the earliest possible stage of litigation. *See, e.g.,* <u>Cottrell v. Caldwell</u>, 85 F.3d 1480, 1487 (11th Cir. 1996).

The Supreme Court has recognized the need to pierce the pleadings in lawsuits when a complaint drafted in "constitutional colors" can subject government officials to prolonged litigation. <u>Ghandi v. Police Dept. of City of Detroit</u>, 747 F.2d 338, 345 (6th Cir. 1984) (citing <u>Butz v. Economou</u>, 438 U.S. 478 (1978)). The Court in <u>Butz</u> went on to say that insubstantial lawsuits can be quickly terminated by federal courts and need not proceed to trial. 438 U.S. at 507. Rather, they should be terminated on motion based on the defense of qualified immunity. *Id.*, at 507-08.

The Ninth Circuit describes the qualified immunity test as two-pronged: first a court must determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation. *See, e.g.,* <u>Serrano v. Francis</u>, 345 F.3d 1071 (9th Cir. 2003), *citing,* <u>Saucier v. Katz</u>, 533 U.S. 194, 201-202 (2001); *see also,* <u>Brent v. Ashley</u>, 247 F.3d 1294, 1299 (11th Cir. 2001), *citing,* <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999). To allege a violation of "clearly established" law, a plaintiff cannot simply rely on general allegations. *See, e.g.,* <u>Barts v. Joyner</u>, 865 F.2d 1187, 1190 (11th Cir.), *cert. denied,* 493 U.S. 831 (1989); and <u>Muhammad v. Wainwright</u>, 839 F.2d 1422, 1424 (11th Cir.1987). Instead, the plaintiff must demonstrate that, when the federal agents acted, the law established the contours of a right so clearly that every reasonable official would have understood that his acts were unlawful. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987).

Under this test, "[a] government-officer defendant is entitled to qualified immunity unless, at the time of the incident, the preexisting law dictates, that is, truly compels, the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances." <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1030-31 (11th Cir. 2001) (*en banc*), *citing,* <u>Lassiter v. Alabama A&M University</u>, 28 F.3d

Case 1:03-cv-00038   Document 15   Filed 03/08/2004   Page 8 of 11

1146, 1150 (11th Cir. 1994) (*en banc*). "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Maggio v. Sipple*, 211 F.3d 1346, 1354 (11th Cir. 2000), *citing*, *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994). "Unless a government agent's act is so obviously wrong, in light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." *Lassiter*, 28 F.3d at 1149.

Here, Plaintiff alleges that he drafted two "criminal complaints" about three local prison officials, repeating his grievance that he was kept in leg irons while incarcerated, and delivered the "criminal complaints" to the United States Attorney's Office for Guam. Complaint, ¶ 12. Plaintiff states that the drafted "criminal complaints" were then reviewed by the Defendant Government Attorneys, and then were forwarded to the Civil Rights Section of the U.S. Department of Justice. Complaint, ¶ 12, 13, 4 & 5. These allegations not only fail to state a deprivation of an actual constitutional right but also fail to demonstrate that the Defendant Government Attorneys engaged in any conduct that is not protected by qualified immunity.

To survive dismissal, plaintiffs' complaint must state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity. *Elliott v. Perez*, 751 F.2d 1472, 1473 (5th Cir. 1985); *cf. McDaniel v. Woodard*, 886 F.2d 311, 314 (11th Cir. 1989) (to avoid summary judgment, plaintiff must overcome qualified immunity with more than general conclusory allegations). The complaint in this case does not.

In sum, Plaintiff's allegations are not specific enough to permit an inference that the Defendant Government Attorneys committed an actual constitutional deprivation or violated plaintiff's "clearly established" constitutional rights. The defendants are therefore entitled to qualified immunity.

**VI. Plaintiff Wrongly Applies 18 U.S.C. § 3332(a)**

Plaintiff's Complaint cites title 18 U.S.C. § 3332(a) twice. Complaint ¶¶ 14 and 24. The statutory language that a prosecutor shall, "if requested", inform the grand jury of

allegations, is the gravamen of Plaintiff's suit against the AUSAs. Plaintiff is mistaken and he has misapplied the statute.

Title 18 U.S.C. § 3332(a) is part of the Organized Crime Control Act of 1970 and it pertains to special grand juries designed to combat "such illegal endeavors as syndicated gambling, loan sharking, the theft and fencing of property, the importation of drugs, and other forms of social exploitation..." *Simpson v. Reno*, 902 F.Supp. 254 (D.D.C. 1995). That the statute was intended for other, specific circumstances is further illustrated in the language addressing districts "containing more than four million inhabitants...." 18 U.S.C. § 1331. Plaintiff's grievances over his conditions of incarceration imposed on him by local prison officials, are not in any way related to the purpose or application of § 3332(a). *See also*, *In Re Grand Jury Application*, 617 F.Supp. 199 (S.D.N.Y. 1985); *Sargeant v. Dixon*, 130 F.3d 1067 (DC Cir. 1997). There is no application for the statute in the facts as alleged in the Complaint. The grievance Plaintiff has built against the Federal Attorney Defendants is without foundation.

## CONCLUSION

For the reasons stated above the Complaint fails to state a claim upon which relief can be granted as a matter of law and should be dismissed. Further, the Federal Government Attorney Defendants, AUSA Marivic David and AUSA Mikel Schwab, are protected immunity and entitled to a dismissal of the plaintiff's claims.

Respectfully submitted,

C. SALVATORE D'ALESSIO, JR.
Senior Trial Attorney
Constitutional Torts Staff
Civil Division, Torts Branch
U.S. Department of Justice
Washington, D.C. 20044-7146

_____
RUSSELL C. STODDARD
First Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, has been furnished, via regular first class U.S. mail, certified postage prepaid, this 8th day of March, <u>2004</u>, to the following:

Sean Francis School Mafnas
386 Chalan Jota Street
Pualanta, Yona
Tel: 789-2787
Cell: 689-7556

*Frances B. Leon Guerrero*
FRANCES B. LEON GUERRERO
Legal Assistant